### IN THE

## SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF NEW-YORK,

NEW-YORK
N v. 1807.

Jackson
v.
Coleman.

## Jackson, *ex. dem.* Bush and wife, *against* Coleman.

THIS was an action of *ejectment,* for *one third* of the premises in possession of the defendant. The cause was tried at the *Orange* circuit, when a verdict was taken for the plaintiff, subject to the opinion of this court, on the following case.

W. devised to his wife the use of "all his real and personal estate, to use and dispose of at her pleasure, and after her death he gave one third to his daughter Susannah in fee, and the other two thirds to be disposed of at the pleasure of his wife, after the death of his grandson T." The widow of the testator died in March, 1801,

The lessors of the plaintiff claimed in right of *Mary Bush,* a daughter of *William Watson,* deceased. It was admitted, that *William Watson* died seised of the premises, and that *Mary,* one of the lessors of the plaintiff, was his daughter, and entitled, *as heir,* to one third of the premises, unless debarred by the defence set up on the other side; viz. that *William Watson* died seised, the 7th of *July,* 1800, and by *his will* gave *to his wife the use of all his real and personal estate, to use and dispose of at her pleasure,* and, after her death, he gave to his daughter

and by her will, gave to her two nephews two thirds of her real estate, after the death of T., and the other third to C. T. died in 1803, and the three devisees named in the will of the widow are living. In an action brought by one of the children of W., as heir at law, it was held, that the will of W. conveyed an estate in fee to his wife, and that on the death of T. the two thirds, by the will of the widow of W. became vested in her two nephews.

NEW-YORK,
Nov. 1807.

Jackson
v.
Coleman.

*Susannah*, the use of all his real estate during the life of his grandson, *Daniel Tice*, for keeping and taking care of him, and at his death, he gave her the one third for-ever; and *the other two thirds to be disposed of at the plea-sure of his wife, after the death of his grandson, Daniel Tice.* It was admitted, that the widow of the testator died the 7th of *March*, 1801, after having, *by her will,* given to *William* and *Ephraim Watson*, her nephews, two thirds of her real estate, after the death of her grandson, *Daniel Tice*, and the other one third to her grandson, *John Gott.*

The grandson, *Daniel Tice*, died in *April*, 1803, and the three devisees of the real estate, mentioned in the will of the widow, are living. It was agreed, that if the court should be of opinion, that the lessors of the plaintiff were entitled to recover, that a judgment should be given for them on the verdict, otherwise a nonsuit was to be en-tered.

*J. Radcliff*, for the plaintiff, contended, that the first clause in the will of *Watson*, gave to his wife a life estate only; and that the second clause was a mere *power,* coupled with an interest for life. That this construction was supported by the expressions used in the other part of the will, in which the testator gives one third of his es-tate to his daughter *Susannah*, and her heirs forever; that as a different construction would disinherit the heirs at law, the court ought to avoid it, if possible.

*Fisk*, contra, insisted, that the wife took an estate in fee; and that the full and absolute disposition of the pro-perty, after the death of *Tice*, given to her, showed clear-ly that it was the intention of the testator to devise the two thirds to his wife, or to such persons as she might *appoint*, in fee.

KENT, Ch. J. delivered the opinion of the court. The will of *William Watson* took away entirely the title of *Mary Bush*, as heir to her father. The testator gave to his wife *the use of all his real estate, to use and dispose of*

NEW-YORK,
Nov. 1807.

Jackson
v.
Coleman.

*at her pleasure*, and after her death, he gave the one third to his daughter *Susannah* in fee, and *the other two thirds were to be disposed of at the pleasure of his wife, after the death of his grandson, Daniel Tice.* This amounted to a devise in fee to his wife. It is to be distinguished from the case of a mere power, for here the estate was in the first instance devised *to th w ife.* It will be sufficient to mention only two or three of the most analagous cases on the question. In *Whiskon* v. *Cleyton*, (1 *Leon.* 256.) *C.* devised an estate to his godson after the death of his wife, and if he failed, then he willed all his part to the *discretion of his father;* it was held that the father took a fee, and that to will my lands *at the disposition of B.*, or to will my lands *to B. to give and sell at his pleasure*, carried a fee; and that there was no difference where the devise was, *that B. should do with the land at his discretion*, and the devise thereof *to B. to do with it at his discretion.* in *Moore*, 57. *A.* devised his lands to his wife, *to dispose and employ them upon her and his son at her own will and pleasure.* It was held, that she took an estate in fee. Again, in *Timwell* v. *Perkins*, (2 *Atk.* 102.) the devise was, *I give my house to A. for her own use, to give away at her death to whom she pleases;* and in *Goodtitle* v. *Ofway*, 2 ils. 6.) the words were, a devise *to B. during her life, and if she should have no issue, that she should have power to dispose thereof at her pleasure*, and in both cases it was ruled that the devisee took a fee.

Whether the two nephews took a fee, or only an estate for life under the will of their aunt, is perfectly immaterial in the present suit, as the case states that they are both living; and although the disposition of the two thirds of the estate by the wife was not to take effect until after the death of *Tice*, the grandson, yet that event has also happened. A title has accordingly been shown out of the lessors of the plaintiff. We are, therefore, of opinion, that a judgment of nonsuit must be entered.

Judgment of nonsuit.